UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
Sbarro, Inc.

                CV-05 2311 (CPS)
        Plaintiff,

 - against -          MEMORANDUM, OPINION
                & ORDER
Emad Karykous, Said Kireakes, and
John Does 1-5, the names of John Does
being fictitious, the true names of
said defendants being unknown,

        Defendants.
------------------------------------------X

SIFTON, Senior Judge.

   On March 29, 2005, plaintiff Sbarro, Inc. ("Sbarro") commenced this action against defendants Emad Karylous and Said Kirieakes in the Supreme Court of the State of New York, Suffolk County, claiming trademark dilution and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125, theft of trade secrets and proprietary information, unfair competition, unlawful use of Sbarro's trade dress, and interference with Sbarro's contracts and business opportunities. On May 12, 2005, defendants filed a petition for removal to this Court. Plaintiff now moves this Court to remand the action to state court pursuant to 28 U.S.C. § 1447(c), on the grounds that defendants' removal petition was untimely filed. Plaintiff also seeks costs and expenses, including attorneys' fees, incurred as a result of the removal. Defendants oppose the motions. For the following reasons, the motion for remand is granted, and the motion for attorneys fees is denied.

## BACKGROUND

The following facts are taken from the parties' submissions and are undisputed unless otherwise noted.

On March 29, 2005, plaintiff commenced this action in the Supreme Court of New York, Suffolk Country. Defendants were served with the summons and complaint on March 30, 2005 and March 31, 2005. Plaintiff alleges that during the course of defendants' employment with Sbarro, they misappropriated trade secrets, trade dress, and confidential and proprietary information relating to business operations. (Complaint ¶ 8). Defendants were employed by Sbarro pursuant to Employment Agreements, which contained non-competition and non-disclosure clauses. (*Id.* ¶¶ 40-43). Plaintiff alleges that defendants operated "knockoff" Sbarro-style restaurants in Cairo, Egypt without Sbarro's knowledge and consent. (*Id.* ¶¶ 8, 58-60, 69-70). The complaint contains eleven causes of action, including claims of trademark dilution and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125, and state law claims of unfair competition, unlawful use of trade dress, tortious interference with contracts and business relations, and theft of trade secrets and proprietary information.

On April 26, 2005, defendants filed a petition for removal of the action to the United States District Court for the District of New Jersey. The clerk of that court granted

defendants' application for a 15-day extension to file a responsive pleading. (Pl. Ex. B). Plaintiff moved for remand on May 3, 2005, and by Opinion and Order dated May 6, 2005, Judge Chesler of that court remanded the action to state court because the District of New Jersey did not "embrace the place where the state court action [wa]s pending, as required by 28 U.S.C. § 1441(a)."[1] (*See* Pl. Ex D).

On May 12, 2005, defendants filed a petition for removal of the action to this Court, alleging that federal question jurisdiction and diversity jurisdiction exist pursuant to 28 U.S.C. §§ 1331 and 1332, respectively. On May 24, 2005, plaintiff filed the present motion to remand the action to state court.

## DISCUSSION

The right to remove a case from a state to a federal court is statutory, and must therefore be invoked in "strict conformity with statutory requirements." *Somlyo v. Lu-Rob Enterprises,* 932 F.2d 1043, 1045 (2d Cir. 1991); *see also* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3721, at 287-88 (1998); 28 U.S.C. § 1446(b). Courts construe

---

[1] 28 U.S.C. § 1441 provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1446(a) also requires that the removal petition be filed in United States District Court for the district where the civil action is pending.

the removal statute narrowly, resolving any doubts against removability. *Somlyo,* 932 F.2d at 1045-46 (citing *Shamrock Oil & Gas, Corp. v. Sheets,* 313 U.S. 100, 108 (1941). Under 28 U.S.C. § 1446(b), the defendant must file a notice of removal with the district court "within thirty days after receipt by the defendant of the initial pleading." This time limit, although not jurisdictional, is "strictly construed and mandatorily enforced." *Evans v. Sroka,* 2001 WL 1160586, at *3 (S.D.N.Y. 2001). "Absent a finding of waiver or estoppel, courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo,* 932 F.2d at 1046. In addition, "where, as here, a motion to remand has been filed, the burden of persuasion remains upon the removing party, and any substantial doubts about the propriety of removal must be resolved against proponents of the federal forum." *Nicola Products Corp. v. Showart Kitchens, Inc.,* 682 F.Supp. 171, 173 (E.D.N.Y. 1988).

In this case, it is undisputed that defendants received the initial pleading by March 31, 2005. Thus, the removal petition filed in this Court on May 12, 2005 was untimely under the terms of the statute. Defendants make the following arguments in opposition to plaintiff's remand motion: (1) the thirty-day filing requirement should be tolled because the defendants timely filed a notice of removal in the District of New Jersey; (2) the state court lacks personal jurisdiction over

the defendants, who are New Jersey residents; (3) the state court lacks jurisdiction because the Lanham Act confers exclusive jurisdiction upon federal courts. I find these arguments to be without merit.

Defendants do not cite, nor has this Court, found a basis in the relevant case law for carving out an exception to the thirty-day filing rule on account of defendants' previous, incorrect removal attempt.[2] *See Klein & Vibber, P.C. v. Collard & Roe P.C.*, 3 F.Supp.2d 167, 171 (E.D.N.Y. 1998)(describing defendant's removal of the action to the wrong district, the District of Connecticut, followed by an untimely removal to the Eastern District, which remanded the action). On the contrary, it is well settled that courts construe the removal statute narrowly and strictly enforce the thirty-day filing requirement. *See Somlyo,* 932 F.2d at 1045-46. Given the stringency of the removal deadline and the Second Circuit's admonitions to resolve doubts against removability, I find defendants' "tolling" argument to be without merit.

---

[2] During oral argument, defendants' counsel referred to cases in which other district courts granted motions to transfer when removal was timely, but incorrectly made. *See e.g. Mortensen v. Wheel Horse Products, Inc.,* 772 F.Supp. 85, 91 (N.D.N.Y. 1991)(granting defendant's motion to transfer pursuant to 28 U.S.C. § 1406(a) and denying plaintiff's motion to remand where defendant had incorrectly removed the action to Northern District of New York rather than the Southern District). However, this case is of little relevance here; it would have been appropriately invoked had the defendants moved the District of New Jersey to transfer the action to this Court. The defendants did not move to transfer, and the District of New Jersey remanded the action to state court.


Defendants' personal jurisdiction arguments are appropriately addressed by the state court upon remand. It does appear, however, that plaintiff's allegations provide a basis for personal jurisdiction over the defendants under New York's long-arm jurisdiction statute.[3] *See* N.Y. C.P.L.R. 302(a)(3). Finally, although two of plaintiff's eleven causes of action are brought pursuant to the Lanham Act, these claims are, contrary to defendants' assertions, reviewable in state court. *See e.g. Bronx Dough L.L.C. v. Dunkin Donuts, Inc.*, 2004 WL 112880, at *4 (S.D.N.Y. 2004)(plaintiff's claim of trademark infringement under the Lanham Act "is reviewable in state court"); *Sebastiana Management, Inc. v. Israeli*, 1992 WL 390259, at *1 (E.D.N.Y. 1992)("this Court has original, non-exclusive jurisdiction over Lanham Act claims."); *Ryan v. Volpone Stamp Co., Inc.*, 107 F.Supp. 2d 369, 375 n. 3 (S.D.N.Y. 2000)("Although federal courts are granted exclusive jurisdiction with respect to patent, plant variety protection and copyright cases, the state courts enjoy concurrent jurisdiction with the federal courts over trademark,

---

[3] Plaintiff asserts that defendants committed a tortuous act outside of New York with the intent and actual result of causing injury to Sbarro within New York. *See* N.Y. C.P.L.R. 302(a)(3). Specifically, plaintiff asserts that defendants interfered with plaintiff's contractual relations, causing injury to the New York headquarters of Sbarro. Moreover, plaintiff claims that defendants obtained confidential information and trade secrets while employed at Sbarro's New York headquarters. (*See* Pl. Reply Memo at 2-3).

-7-

i.e. Lanham Act claims"); *see also* 28 U.S.C. § 1338.[4]  Having established that the removal petition was untimely filed in this Court, plaintiff's remand motion is granted.

## Attorneys Fees

In addition to seeking remand, plaintiff seeks an award of attorneys fees and costs incurred as a result of the removal. (Pl. Memo at 6).  When a case is remanded, the party seeking remand may be entitled to "just costs and any actual expenses, including attorneys fees incurred as a result of the removal." 28 U.S.C. § 1447(c).  District courts are vested with broad discretion in determining whether such an award is appropriate. *See Morgan Guar. Trust & Co. v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir.1992).  A finding of bad faith is not required, and courts may award costs and fees in light of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties."  *See Morgan Guar. Trust & Co. v. Republic of Palau,* 971 F.2d 917, 923-924 (2d Cir.1992).

In this case, defendants' arguments were not frivolous; in arguing that a previous removal attempt merited a tolling of the 30-day filing deadline, defendants "raised a colorable

---

[4] Section 1338 provides in relevant part that:
   (a) the district courts shall have original jurisdiction of any civil action arising under any act of Congress relating to patents, plant variety protection, copyrights, and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patents, plant variety protection and copyright cases.

argument in support of its removal, albeit ultimately unpersuasive." *Mastec Latin America v. Inepar S/A Industrias,* 2004 WL 1574732, at *3 (S.D.N.Y. 2004); *Bellindo-Sullivan v. American Int'l Group Inc.,* 123 F.Supp.2d 161, 169 (S.D.N.Y. 2000). Moreover, the record does not indicate that defendants' removal was "merely an attempt to abuse or harass plaintiff, or to force plaintiff to incur unnecessary expenses." *Mastec Latin America,* 2004 WL at *3; *see also Circle Industries USA, Inc. v. Parke Const.*, 183 F.3d 105, 109 (2d Cir.1999)(noting that the purpose of attorney fees under § 1447(c) is to deter the "possibility of abuse, unnecessary expense, and harassment"). Accordingly, the Court exercises its discretion to decline to award attorneys' fees or costs to the plaintiff.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for remand is granted, and the motion for costs and attorneys fees pursuant to 28 U.S.C. § 1447(c) is denied. The Clerk of Court is directed to remand this case to the Supreme Court of the State of New York, Suffolk County, from which it was removed to this Court. The Clerk is further directed to furnish a filed copy of the within to all parties.

SO ORDERED.

Dated : Brooklyn, New York, 2005
June 29, 2005

/s/Charles P. Sifton (electronically signed)
United States District Judge